**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| IN RE: ) | | |
| EMILY R. RUZYCKI, ) | Case No. 25-13369-SAH | |
| Debtor ) | Chapter 7 | |
| _____ ) | | |
| IAN'S ENTERPRISE, LLC ) | | |
| ) | | |
| Plaintiff, ) | | |
| vs. ) | Adv. Pro. _____ | |
| ) | | |
| EMILY R. RUZYCKI, ) | | |
| ) | | |
| Defendant. ) | | |

## **COMPLAINT**

Plaintiff, Ian's Enterprise, LLC ("Plaintiff"), for its cause of action against Defendant, Emily R. Ruzycki ("Defendant"), states as follows:

1. Plaintiff is a limited liability company registered and doing business in Oklahoma.

2. Defendant Emily R. Ruzycki resides in Jones, Oklahoma County, Oklahoma.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157.

4. Venue is proper pursuant to 28 U.S.C. §1409. This is a core proceeding pursuant to 28 U.S.C. §157(b).

5. Pursuant to F. R. Bankr. P. 7008, Plaintiff consents to the entry of final orders or judgment by the Court on any issue in this adversary proceeding.

6. On November 5, 2013, Defendant and Fundamental Foundations, LLC ("FFLLC") entered into a lease agreement with Plaintiff ("Lease") for certain real property located at 17315 NE 23rd Street, Choctaw, Oklahoma 73020 ("Premises").

7. Pursuant to the Lease, Defendant and FFLLC each agreed to pay certain sums to Plaintiff for the use and occupancy of the Premises.

8. Defendant and FFLLC defaulted and failed to pay the required rent and other charges due under the Lease, leaving $16,844.82, plus costs, interest and attorney fees accruing thereon.

9. On November 17, 2015, Plaintiff filed a lawsuit against Defendant and FFLLC for failure to pay the sums due pursuant to the Lease, styled as *Ian's Enterprise, LLC, an Oklahoma Limited Liability Company v. Emily Ruzycki, an Individual, and Fundamental Foundations, an Oklahoma Limited Liability Company*, Case No. CJ-2015-6300, District Court of Oklahoma County, State of Oklahoma ("*State Court case*").

10. On August 12, 2016, Plaintiff obtained a judgment against Defendant and FFLLC in the *State Court Case* in the amount of $16,844.82 plus attorney fees in the amount of $1,684, costs in the amount of $459.66, together with pre-judgment and post-judgment interest thereon and costs thereafter accruing.

11. Defendant has made no voluntary payments whatsoever, despite the many years to do so.

12. Plaintiff enforced the judgment and received some payments through garnishment proceedings. However, after Plaintiff filed new garnishments on June 7, 2024, and served these on Defendant's apparent employer, Ruzycki Farms and Orchard, LLC ("Ruzycki Farms"), and Michael Ruzycki, Defendant's husband and an owner of Ruzycki Farms, no answer was timely filed.

13. On January 21, 2025, Plaintiff filed an Application for Order Directing Garnishee to Answer Garnishment Summons for both.

14. On January 21, 2025, an Order Directing Garnishee to Answer Garnishment Summons was signed by the Honorable Brooke Holman for both and filed with the court. Said Applications and Orders were served on Ruzycki Farms and Michael Ruzycki.

15. On March 20, 2025, Plaintiff filed a Motion for Default Judgment Against Garnishee for both, due to no answer being filed from either to the Garnishment Summons or Orders.

16. Plaintiff and Michael Ruzycki appeared before the court on April 23, 2025, for a hearing to consider Plaintiff's Motions for Default Judgment Against Garnishee. Defendant also appeared at the hearing.

17. The Honorable Brooke Holman granted leave to Ruzycki Farms and Michael Ruzycki to file their answer to the Garnishment Summons within ten (10) days of April 23, 2025.

18. An Answer to Garnishment was filed on May 6, 2025.

19. On May 13, 2025, Plaintiff filed a Notice That Judgment Creditor Elects to Take Issue with Garnishees Answer because of multiple issues therein.

20. Ruzycki Farms and Michael Ruzycki falsely represented in the Garnishment Answer Affidavit that Defendant was not employed by, and received no income from, them during the applicable period of Garnishment.

21. Defendant worked together with her husband, Michael Ruzycki and an owner of the garnishee Ruzycki Farms, to conceal assets and/or income of Defendant.

22. The matter was set for trial and Defendant's counsel notified Plaintiff's counsel that Defendant would file bankruptcy before the trial could occur.

23. On October 29, 2025, Defendant filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in this Court, Case No. 26-13369.

24. Although, Defendant's counsel provided Plaintiff's counsel with the bankruptcy case number via text message, Defendant did not Schedule the debt owed to Plaintiff within this bankruptcy, despite attending a hearing on assets ("HOA") and a continued HOA conducted by Plaintiff less than thirty (30) days prior to this bankruptcy case being filed.

25. Defendant did not file an amendment to schedule the debt owed to Plaintiff until November 26, 2025, after being prompted to do so by Plaintiff's counsel at the 341 Meeting of Creditors, which Plaintiff's counsel was only aware of due to obtaining the information through a PACER.gov search.

26. However, said amendment was later stricken on December 9, 2025 due to a deficiency, despite notice being provided by this Court to Defendant's counsel on December 3, 2025.

27. Defendant has yet to properly list her debt to Plaintiff within her Schedules.

28. Defendant also failed to list a debt owed to the Humbargers, according to an OSCN.net case styled as *Troy Humbarger and Hope Humbarger, husband and wife v. Michael Ruzycki, Emily Ruzycki and Ruzycki Farms, Case No. CJ-2024-811, District Court of Cleveland County, State of Oklahoma* ("*Humbarger*").

29. On August 19, 2024, Defendant was served with the *Humbarger* Petition and Summons and a judgment was entered therein against the Defendant on August 28, 2025.

30. Despite being served with the Petition and Summons in the *Humbarger* case, Defendant initially claimed she was not aware of the *Humbarger* case but after Plaintiff presented a court record, Defendant testified in writing to judgement 'CJ-2024-811 for ~$34k' during the HOA on October 7, 2025 at ~9:59AM.

31. Additionally, despite Defendant's prior written testimony at the HOA on October 7, 2025 at ~9:59AM, Defendant failed Schedule the debt owed to *Humbarger* in her bankruptcy.

32. While Defendant did not Schedule *Humbarger*, the lawsuit was listed on the Statement of Financial Affairs with "We were unaware of the proceedings. Marty Martin the attorney we had hired was served and didn't notify us of anything." However, Marty Martin filed an Answer to Complaint on September 19, 2024, on behalf of Michael Ruzycki. Coupling all the events leads to the conclusion that Defendant was, in fact, aware of the proceedings.

33. Defendant did not disclose an interest in any business on her Schedules or Statement of Financial Affairs. However, according to public Facebook posts, Defendant has an interest in Ruzycki Farms. Defendant's public statements of ownership in Ruzycki Farms simply cannot be reconciled with her sworn statements made within court proceedings.

34. Defendant listed on Schedule I that the non-filing spouse is employed. However, failed to list any income for the non-filing spouse.

35. Defendant's failures to accurately list debts and other data to be disclosed in the bankruptcy schedules are material omissions or misrepresentations to creditors and the Court.

36. As of October 29, 2025, the filing date for this Chapter 7 Bankruptcy, the balance due on the judgment obtained by Plaintiff in the *State Court case* against Defendant is $38,051.02 plus accrued and accruing costs and interest.

37. On November 5, 2013, Defendant signed and submitted a written Rental Application for the Premises ("Application") to Plaintiff containing material representations such as:

    a. Defendant's existing employment as 'Emily Ruzycki Childcare' located at '10200 Choctaw Rd, Jones, Ok 73049' from '5/5/2013-Present' with a 'Gross Monthly Income: 2500.00' as 'Director/Owner' plus '$2400 Husbands Income'.

    b. A 'Commercial Purpose: Educational Childcare Center, Educational Retail, Tutoring, Special Needs Therapy'.

    c. 'I understand that this is a routine application to establish credit, character, employment, and rental history.'

    d. 'I declare, under penalty of perjury, all the information above to be true and correct.'

38. On November 5, 2013, Defendant and FFLLC, as Lessee, signed and submitted a written Lease to Plaintiff, as Lessor, containing material representations such as:

    a. "4. USE OF PREMISES. The Premises shall only be used and occupied by Lessee and for the commercial purpose listed on Lessee's application. … Lessee shall comply with any and all laws, ordinances, rules and orders of any and all governmental and quasi-governmental authorities affecting the cleanliness, use, occupancy, or preservation of the Premises."

    b. "MAINTENANCE, REPAIR, AND GENERAL PROPERTY RULES. … Lessee shall: … r. Not engage in any criminal activity especially activities that threaten the health, safety, or right of peaceful enjoyment of the Premises by others …"

39. The Premises that Defendant leased from Plaintiff was used as a child care center or facility, which was named Fundamental Foundations, with Defendant as the owner.

40. According to public records located on the Oklahoma Secretary of State's website, FFLLC was formed on November 6, 2013, one (1) day after Defendant signed the Lease.

41. Pursuant to 10 O.S. §402(3) (eff. 11/01/2013), a 'Child care center' means "a program that operates thirty (30) or more hours per week", and per §402(4) a 'Child care facility' means "any public or private child care residential facility, … child care center, … providing either full-time or part-time care for children away from their own homes."

42. Plaintiff reasonably and justifiably relied on Defendant's Application and Lease and all the material representations listed therein in leasing the Premises to Defendant and FFLLC.

43. On June 4, 2025, Plaintiff submitted its Open Records Request ("ORR") to the Oklahoma Department of Human Services ("OKDHS") seeking "Applications, Reports, Notices Correspondence and Determinations of: Licensing, Inspections, Compliance, Enforcement, Complaints, Closure, Revocation, and or Violation, all only if dated within 01/2013 thru 12/2016 regarding: Emily Rachel Ruzycki, … and or Fundamentals Foundations LLC, at 17315 NE 23rd St, Choctaw, OK 73020 and or 10200 Choctaw Rd, Jones, OK 73049."

44. On July 25, 2025, Plaintiff received OKDHS records pursuant to its ORR, which indicate:

    a. An investigation was opened by OKDHS promptly following a complaint.

    b. OKDHS went to the Premises on March 6, 2014, and Defendant would not allow any OKDHS representatives to enter the Premises.

    c. Defendant first told the OKDHS representatives that she was operating a private preschool and did not have to be licensed.

    d. Upon further inquiry, OKDHS determined that children up to age eight (8) were in care, including before and after school, for more than 15 hours per week, and that the facility was not exempt from licensing and operating unlicensed.

    e. As such, OKDHS found that the facility was required to cease operating same-day.

    f. On March 7, 2014 at ~2:15PM, OKDHS again went to the Premises and had 'no observations of anyone onsite … no cars … and no presence of children in care.'

    g. On April 18, 2014, OKDHS found 'Allegation number 1) Substantiated … the investigation clearly indicates the facility violated any licensing requirement'.

45. Also within the OKDHS records Plaintiff received, pursuant to its ORR, Defendant stated:

    a. 'the facility accepts age three to eight years old.'

    b. '[the facility] has operated since October M-F 6AM - 6PM and Saturdays 10AM-4PM for parents day out.'

    c. 'she asked if [OKDHS] could do anything to her if she didn't close.' and Licensing explained 'it was possible that an emergency order could be served to close the facility and that law enforcement would be involved, and all children would have to picked up.'

    d. 'she looked over the requirements and agreed it does look like she has to be licensed.'

46. OKDHS records included the following forms:

    a. 2-page Notice Regarding Unlicensed Care, which includes a checked box indicating 'Care must cease by end of the current business day.' on March 6, 2014.

    b. 3-page Licensing Services Supplemental Information, which includes a detailed narrative of the investigation, interview with Defendant, observations, findings and explanations to Defendant, all on March 6, 2014.

    c. 1-page Licensing Services Supplemental Information, which includes onsite observations by OKDHS the following day on March 7, 2014.

47. On March 6, 2014, Defendant signed both the OKDHS Notice Regarding Unlicensed Care and Licensing Services Supplemental Information, acknowledging receipt and as an agreement to the accuracy of the information contained therein. OKDHS apparently opted not to criminally prosecute Defendant after she agreed to cease operations same-day.

48. Defendant's licensing violation would have been a misdemeanor if proven, 10 O.S. §410.

49. Since a private preschool is not a child care center or facility, Defendant initially attempted to deceive the OKDHS by claiming the facility was a private preschool and denying access.

50. Defendant's deception to OKDHS is further highlighted by the fact that, under penalty of perjury in the Application to Plaintiff, Defendant was opening a 'Childcare Center'.

51. Pursuant to 10 O.S. §405, "no child care facility may be operated or maintained in this state, unless licensed or temporarily authorized by OKDHS, …"

52. Pursuant to 10 O.S. §403 (eff. 11/01/2013), none of the exemptions applied to Defendant, and the closest one would have been §403(9) which exempts facilities operating:

    a. fifteen (15) or fewer hours per week;

    b. less than eight (8) weeks annually; or

    c. [only] in the summer for less than eight (8) hours per day.

53. Based on Defendant's own admissions to OKDHS, Defendant operated an illegal, unlicensed child care center or facility at the Premises.

54. Based on the OKDHS records, or lack thereof despite Plaintiffs ORR, as they relate to Defendant's prior employment as stated on the Application: 'Emily Ruzycki Childcare' located at '10200 Choctaw Rd, Jones, Ok 73049' from '5/5/2013-Present' with a 'Gross Monthly Income: 2500.00' as 'Director/Owner' plus '$2400 Husbands Income', Defendant's claimed income was illegal since that location was also unlicensed. Said another way, Defendant used illegal income as the basis for the Application, upon which Plaintiff reasonably relied in approving Defendant and executing the Lease at the Premises.

55. Defendant did not comply with all laws, ordinances, rules and orders as Defendant represented and promised in the Lease, because the Defendant used the Premises to operate an illegal, unlicensed child care center or facility.

56. Defendant did not comply with the Lease as Defendant represented and promised to not engage in any criminal activity especially activities that threaten the health, safety, or right of peaceful enjoyment of the Premises by others, especially the children.

57. Upon signing the Application and Lease, Defendant represented that the business for which the Premises was used was and would always be lawful and properly licensed.

58. Defendant made a material misrepresentation or omission about licensure, had knowledge that it was false and had the intent to deceive Plaintiff when making that misrepresentation.

59. Defendant's execution of the Lease and/or acts following the execution of the Lease that were directly related to the Lease was done with fraudulent intent.

60. As a result of Defendant's fraud, Plaintiff has suffered damages in the amount of the unpaid judgment, plus accrued and accruing costs and interest.

61. Taken together, these facts demonstrate a course of deceptive conduct before and after the bankruptcy filing and establish the Defendant's intent to deceive.

62. Defendant's conduct was not isolated or inadvertent, but instead reflects a broader pattern of intentional dishonesty, seeking the protections of the Bankruptcy Code while evading legal and financial obligations.

## FIRST CAUSE OF ACTION – 11 U.S.C. § 523(a)(2)(A)

For Plaintiff's first cause of action against Defendant, Plaintiff realleges all facts and allegations set forth above and further states:

63. Defendant's actions to induce Plaintiff to enter into the Lease, as set forth above, were based on a false pretense, false representation or actual fraud by Defendant.

64. As such, the debt owed to Plaintiff by Defendant is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

## **SECOND CAUSE OF ACTION – 11 U.S.C § 523(a)(2)(B)**

For Plaintiff's second cause of action against Defendant, Plaintiff realleges all facts and allegations set forth above and further states:

65. The Application and or Lease submitted by Defendant was a statement in writing, that was materially false, respecting the Debtor's financial condition, on which Plaintiff reasonably relied and that the Debtor caused to be made or published with the intent to deceive.

66. As such, the debt owed to Plaintiff by Defendant is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(B).

## **THIRD CAUSE OF ACTION – 11 U.S.C. § 523(a)(6)**

For Plaintiff's third cause of action against Defendant, Plaintiff realleges all facts and allegations set forth above and further states:

67. Defendant's actions as set forth above were done willfully and maliciously by Defendant to Plaintiff. Defendant's willful and malicious actions injured Plaintiff.

68. As such, the debt owed to Plaintiff by Defendant is nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Ian's Enterprise, LLC, requests the Court except from discharge, Plaintiff's judgment for indebtedness against Defendant, entered on August 12, 2016 in case CJ-2015-6300 filed in the District Court of Oklahoma County, for the State of Oklahoma, now with a balance of $38,051.02 plus accrued and accruing costs, attorney fees and interest from October 29, 2025 until paid, as nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(2)(B) and (a)(6) and for such other relief as the Court deems equitable.

###

Respectfully Submitted,


/s/ Amanda R. Blackwood
Amanda R. Blackwood, OBA #33839
BLACKWOOD LAW FIRM, PLLC
512 NW 12th Street
Oklahoma City, OK 73103
405.309.3600 -Telephone
405.378.4466 – Facsimile
amanda@blackwoodlawfirm.com – Email
**ATTORNEY FOR PLAINTIFF**

Approved by:

Ian's Enterprise, LLC